Exhibit A

**GREENBERG & MINASIAN, LLC**
COUNSELLORS AT LAW
80 MAIN STREET
WEST ORANGE, NEW JERSEY 07052
TEL: (973) 325-7711
MITCHELL L. GOLDSTEIN, ESQ. - 025841982
*ATTORNEY FOR PLAINTIFFS*

| | |
|---|---|
| *Plaintiff(s),*<br><br>GWENDOLYN BROWN HARPER<br><br><br>v.<br><br>*Defendant(s),*<br><br>TANYA DOE, a Fictitious Person, LYFT, INC., TRAVELERS INSURANCE COMPANY, INDIAN HARBOR INSURANCE COMPANY, JOHN DOES I - V, Fictitious Persons, JANE DOES I-V, Fictitious Persons and ABC, INC., I – V, Fictitious Corporations or Entities. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No.: ESX-L-<br><br>*Civil Action*<br><br><br><br>**COMPLAINT<br>AND JURY DEMAND<br>WITH DISCOVERY REQUESTS** |

Plaintiff, Gwendolyn Brown Harper, residing at 392 Myrtle Avenue, in the City of Irvington, County of Essex and State of New Jersey, by way of Complaint against the Defendants says;

## FIRST COUNT

1. On or about August 5, 2018, Plaintiff, Gwendolyn Brown Harper was a passenger in a vehicle owned by Defendants John Doe I, Jane Doe I, Tanya Doe and/or ABC, INC. I, and operated by Defendant, Tanya Doe, as their agent servant or employee, or with their consent either express or implied, which car was travelling on Lyons Avenue, at or near the intersection of Union Avenue, in the City of Irvington, County of Essex and State of New Jersey.

2. At the same time and date, Defendant, Tanya Doe was also acting as an agent, servant or employee of Defendant, Lyft. Inc.

3. At the same time and place, Defendants, John Doe II or Jane Doe II, were the operators of a vehicle owned by Defendants John Doe III, Jane Doe III, or ABC, INC. II., as their agent servant or employee or with their consent either express or implied. That vehicle was also traveling on Lyons Avenue, at or near the intersection of Union Avenue, in the City of Irvington, County of Essex and State of New Jersey.

4. The Defendants, jointly, severally and in the alternative did so recklessly, carelessly and negligently operate their vehicles so as to cause them to strike each other.

5. Defendants John Doe I, Jane Doe I, ABC, INC. I and Lyft, Inc., recklessly, carelessly and negligently entrusted their vehicle to Defendant, Tanya Doe, so as to cause that collision.

6. Defendants John Doe I, Jane Doe I, ABC, INC. I and Lyft, Inc., are vicariously liable for the negligent, careless and/or reckless acts and/or omissions of their agents, servants and employees, which have caused injuries to the Plaintiff, Gwendolyn Brown Harper.

7. Defendants John Doe III, Jane Doe III and ABC, INC. II, recklessly, carelessly and negligently entrusted their vehicle to Defendants John Doe II or Jane Doe II, so as to cause that collision.

8. Defendants John Doe III, Jane Doe III and ABC, INC. II, are vicariously liable for the negligent, careless and/or reckless acts and/or omissions of their agents, servants and employees which have caused injuries to the Plaintiff, Gwendolyn Brown Harper.

9. As a direct and proximate result of the Defendants' negligence, Plaintiff, Gwendolyn Brown Harper sustained personal injuries, which resulted in permanent injuries, which have not healed to function normally and will not heal to function normally even with further medical treatment.

10. As a further result of the Defendants' negligence, Plaintiff, Gwendolyn Brown Harper, has incurred and will continue to incur expenses for doctors, hospital and other medical treatment for her injuries, and have incurred and will continue to incur lost wages and income. In addition, Plaintiff, Gwendolyn Brown Harper, has been disabled and unable to perform her usual functions and has been caused and will be caused great pain and suffering, to her great loss and damage.

WHEREFORE, Plaintiff, Gwendolyn Brown Harper, demands judgment against all Defendants for damages and costs of suit.

## SECOND COUNT

1. Plaintiff, Gwendolyn Brown Harper, repeats each and every allegation contained in the First Count and incorporates them herein as if fully set forth.

2. The vehicle owned by Defendants John Doe III, Jane Doe III or ABC, INC. II, and operated by Defendants John Doe II or Jane Doe II is unknown and was uninsured on the day of the accident.

3. Defendant, Travelers Insurance Company ("Travelers") is a company authorized to sell motor vehicle insurance within the State of New Jersey and was so authorized on August 5, 2018, and at all other times relevant herein.

4. Defendant, Travelers, issued a motor vehicle insurance policy to Gwendolyn Brown Harper, Policy # 602268451 206 1, for coverage upon her personal motor vehicle which policy was in effect on August 5, 2018, and at all other times relevant herein.

5. By virtue of her status as a named insured, and under the terms of the policy issued by Defendant Travelers, Plaintiff is entitled to *inter alia*, Uninsured Motorist (UM) benefits coverage in accordance with *N.J.S.A.* 17:28-1, et seq.

6. The facts and circumstances of this case, the value of the damages she suffered and the insurance coverage available to the Plaintiff, on behalf of the tortfeasors give rise to a claim for UM benefits, as Defendants John Doe III, Jane Doe III, ABC, INC. II, John Doe II and Jane Doe II were uninsured on the date of the accident.

7. Plaintiffs have demanded payment of UM benefits, however, Defendant Travelers has refused payment of these benefits.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant Travelers Insurance Company for payment of UM benefits, as well as damages, together with interest, attorney's fees and costs of suit.

## THIRD COUNT

1. Plaintiff, Gwendolyn Brown Harper repeats each and every allegation contained in the First and Second Counts and incorporates them herein as if fully set forth.

2. The vehicle owned by Defendants John Doe III, Jane Doe III and ABC, INC. II, and operated by Defendants John Doe II or Jane Doe II is unknown and was uninsured on the day of the accident.

3. Defendant, Indian Harbor Insurance Company ("Indian Harbor") is a company authorized to sell motor vehicle insurance within the State of New Jersey and was so authorized on August 5, 2018, and at all other times relevant herein.

4. Defendant, Indian Harbor, issued a motor vehicle insurance policy to Lyft, Inc. and Tanya Doe, for coverage upon the motor vehicle being operated by her at the time of the accident, which policy was in effect on August 5, 2018, and at all other times relevant herein.

5. By virtue of her status as a passenger in the vehicle being operated by Tanya Doe, who was acting as an agent, servant or employee of Defendant Lyft, Inc, Plaintiff Gwendolyn Brown Harper is an insured under the terms of the policy issued by defendant Indian Harbor and as such is entitled to *inter alia*, Uninsured Motorist (UM) benefits coverage in accordance with *N.J.S.A.* 17:28-1, et seq.

6. The facts and circumstances of this case, the value of the damages she suffered and the insurance coverage available to the Plaintiff, on behalf of the tortfeasors give rise to a claim for UM benefits, as Defendants John Doe III, Jane Doe III, ABC, INC. II, John Doe II and Jane Doe II were uninsured on the date of the accident.

7. Plaintiff has demanded payment of UM benefits however Defendant Indian Harbor has refused payment of these benefits.

**WHEREFORE**, Plaintiff demands judgment against the Defendant Indian Harbor Insurance Company for payment of UM benefits, as well as damages, together with interest, attorney's fees and costs of suit.

**GREENBERG MINASIAN, LLC**
Attorneys for Plaintiff

By: S/ *Mitchell L. Goldstein*
MITCHELL L. GOLDSTEIN, ESQ.

Dated: July 22, 2020

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

**GREENBERG MINASIAN, LLC**
Attorneys for Plaintiff

By: S/ *Mitchell L. Goldstein*
MITCHELL L. GOLDSTEIN, ESQ.

Dated: July 22, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, MITCHELL L. GOLDSTEIN is hereby designated as Trial Counsel of this matter.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action now pending in any Court nor of a pending Arbitration proceeding and no such proceeding is contemplated. All parties known to Plaintiff, who should have been joined in this action have been joined.

**GREENBERG MINASIAN, LLC**
Attorneys for Plaintiff

By: S/ *Mitchell L. Goldstein*
MITCHELL L. GOLDSTEIN, ESQ.

Dated: July 22, 2020

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance, including excess coverage, agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

If the answer is "yes" attach a copy of each policy or, in the alternative, state under oath or certification for each policy the: (a) policy number; (b) name and address of the insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) name(s) and address(es) of persons(s) in custody and possession of the policy; and (I) where and when each policy or agreement can be inspected and copied.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Any and all statements made by any party to this lawsuit, whether written or oral, including any co-plaintiff(s) or co-defendant(s), their agents, representatives or employees concerning the action or subject matter previously made by the Plaintiff pursuant to R. 4:10-2(c). For the purposes of this rule, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

2. Any and all statements made by any witnesses to the events described in all of the paragraphs of Plaintiff's Complaint. A statement made is (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

3. Any and all statements made by any person other than defendant(s) which relate or refer in any way to the incident described in Plaintiff's Complaint. A statement made is (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

4. Any and all written reports including all notes, first drafts or previous versions of any report rendered by Defendant's proposed expert witnesses including, but not limited to, any medical expert witnesses intended or not intended to be called at the time of trial concerning the action or subject matter previously made by the Plaintiff, pursuant to R. 4:10-2(d), et seq. For the purposes of this rule, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

5. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witness whom Defendant(s) intend(s) to call at trial.

6. Any and all blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any objects, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom Defendant(s) intend(s) to call at time of trial.

7. A photostatic or electronic copy of any photographs or surveys of the scene of the accident or of any objects or persons involved therein whether in the possession of the Defendant, the Defendant's attorneys or the possession of any representatives of the Defendant's insurance carriers.

8. A copy of any and all written reports or summaries of oral reports, as well as a copy of the curriculum vitae, of any and all experts that have supplied reports to Defendant's attorney, whether or not he or she is expected to testify as per R. 4:10-2(d)(1).

9. A copy of any and all hospital and medical records regarding any medical treatment received by Plaintiff which is alleged to relate to any injuries sustained as a result of any prior or subsequent accidents, disease or illness.

10. The results of any consumer index bureau or other similar such reporting agency which records any prior or subsequent insurance claims, worker's compensation claims or other personal injury claim relative to the Plaintiff(s) in this action.

11. All other documents upon which you intend to rely at the time of trial.

12. A copy of the entire investigation file, minus any privileged materials, including but not limited to copies of any and all statements of all parties and all photographs of the accident scene or automobiles involved in the collision.

13. A copy of your entire property damage file, minus any privileged information, including copies of any and all property damage estimates, total loss reports, and correspondence to your insured or Plaintiff, and photographs of the loss or accident scene.

14. A copy of Defendant's cell phone bill and statement, including the name, address and account number for the cell phone provider, which was in effect on the date of the accident, as well as any billing statement covering that period of time.

## DEMAND FOR ANSWERS TO INTERROGATORIES

DEMAND is hereby made of the Defendant(s) for certified answers to Uniform Interrogatories Form C and Form C(1), contained in Appendix II of the Rules of Court, pursuant to R. 4:17-1(b)(ii) within the time prescribed by the Rules of Court, as well as answers to the following Supplemental Interrogatories.

1. Describe in detail, the position of the vehicles when they came to rest, setting forth whether any of the vehicles were moved from that position, before the police arrived upon the scene, where the vehicle was moved to, and by whom the vehicle was moved.

2. State whether the police arrived upon the scene of the accident, setting forth whether you gave a statement to the police as to the manner of the happening of the accident, what you told the police, whether your statement appears in the police report, whether it is complete and accurate, and any inaccuracies or omissions the report may contain.

3. State whether there were any obstructions or impediments at or near the scene of the accident that interfered with the visual observations of the drivers involved in the accident fully setting forth the location and size of the obstruction and manner in which they interfered with vision.

4. Provide the cell phone number, cell phone carrier, and the name, address and account number for this cell phone account for the cellular phone Defendant was using during the time period which covered the date of the accident.

5. State whether the brakes of the vehicle owned or operated by you were applied at any time prior to impact setting forth the distance in feet from the point of impact you first applied your brakes and the length of tire or scuff marks caused by your vehicle.

6. State with particularity what you did to avoid the collision.

7. Did the operator of your vehicle consume any drugs, medication or alcoholic beverages within the six hour period immediately preceding the happening of the accident referred to in the Complaint setting forth the type of drugs, medication or alcoholic beverages and the time and place each was consumed.

8. State with regard to the vehicle involved, either owned or operated by you at the time of the alleged accident the make, model, year, license plate number, registration number and date when said vehicle was last inspected prior to the alleged accident.

9. Set forth the destination of your motor vehicle at the time of the accident complained of and the location where the driver of your motor vehicle had last entered said motor vehicle prior to the accident alleged in the Complaint.

10. State whether your vehicle, (i.e. owned, operated or under your control), was damaged in the alleged accident complained of in the Complaint, setting forth whether the vehicle was repaired, the cost of repairs, the person or persons performing such repairs, whether an estimate for damages was prepared, the name of the person or persons who prepared such estimate and attach a true copy of such estimate and bill for such repairs hereto.

        **GREENBERG MINASIAN, LLC**
        Attorneys for Plaintiff(s)

        S/ *Mitchell L. Goldstein*
        MITCHELL L. GOLDSTEIN, ESQ.

Dated: July 22, 2020

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-004942-20

**Case Caption:** BROWN HARPER GWENDOLYN VS TANYA DOE
**Case Initiation Date:** 07/23/2020
**Attorney Name:** MITCHELL LEE GOLDSTEIN
**Firm Name:** GREENBERG MINASIAN, LLC
**Address:** STE 450 80 MAIN ST
WEST ORANGE NJ 07052
**Phone:** 9733257711
**Name of Party:** PLAINTIFF : Brown Harper, Gwendolyn
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Gwendolyn Brown Harper?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/23/2020                                      /s/ MITCHELL LEE GOLDSTEIN
Dated                                           Signed